UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA WHITE,  **DEMAND FOR JURY TRIAL**
    Plaintiff,

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, LATONYA WHITE, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendant pleads as follows:

### JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

### VENUE

2. The transactions and occurrences which give rise to this action occurred in the Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the city of Summerville, Dorchester County, South Carolina. Ms. White is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains a registered agent in the City of Southfield, in Oakland County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Cedar Springs Association in the approximate amount of $3,557.26 (the alleged "Debt"). The property is managed by Braggs Associates Management.

7. In October 2016, Defendant started calling Ms. White's cell phone attempting to collect the alleged Debt.

8. Defendant has been calling from (248) 218-6006.

9. Defendant called Ms. White on the following dates:

    a. August 31, 2016, at 9:08 a.m.;
    b. September 20, 2016, at 2:02 p.m.;
    c. September 30, 2016, at 12:27 p.m.;
    d. October 17, 2016, at 1:08 p.m.; and
    e. October 24, 2016, at 2:24 p.m.

10. In January 2017, Ms. White received a letter from Defendant stating that she owed $1,957.26.

11. On or about March 23, 2017, Plaintiff received a letter from Defendant stating that she owed $3,151.26 which included an excessive charge of $650.00 for "Post Outreach Lien Enforcement process."

12. On or about April 13, 2017, Plaintiff received a statement from Braggs Associates Management, which stated that Plaintiff only owed $1,634.25.

13. On or about May 15, 2017, Ms. White received a letter from Defendant stating that the Defendant is a debt collector and it is "continuing in the preparation of its Post Outreach Lien Enforcement Package," for which Plaintiff had already been charged.

14. On or about March 23, 2017 Ms. White was charged $650 for Defendant placing a lien on her home, but no lien was filed regarding her home.

15. On or about May 19, 2017, Ms. White received a statement from Defendant showing the following excessive charges:

   a. An "Account Set up Fee/Dunning Letter IRL" fee was charged on 06/25/2015 in the amount of $270.00;
   b. An "Escalated Outreach (EDO)" fee was charged on 02/09/2017 in the amount of $350.00;
   c. An "EDO 2" fee was charged on 02/20/2017 in the amount of $100.00;
   d. An "EDO 3" fee was charged on 03/02/2017 in the amount of $100.00;
   e. An "EDO 4" fee was charged on 03/13/2017 in the amount of $100.00;

    f. A "Post Outreach Lien Enforcement (Pole)" fee was charged on 03/23/2017 in the amount of $650.00;
    g. A "Pole 2" fee was charged on 04/10/2017 in the amount of $100.00;
    h. A "Post Outreach Lien Enforcement 3" fee was charged on 04/27/2017 in the amount of $100; and
    i. A "Pole 4" fee was charged on 05/15/2017 in the amount of $100.00.

16. Defendant attached a Collection Agreement dated July 21, 2016, signed by Michael Novak, Defendant's president, to the above statement. The Collection Agreement was not signed by Cedar Springs Association or Braggs Associates Management. The agreement contains schedules which show that Defendant overcharged Plaintiff for services allegedly performs, by charging Plaintiff more for services than Defendant agreed to charge Cedar Springs Association for those same services.

17. Ms. White has suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I- VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees, and overcharging for services allegedly performed by Defendant;

    b. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of alleged Debt by charging Ms. White excessive fees, and overcharging for services allegedly performed by Defendant;

    c. 15 U.S.C. §1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by charging Ms. White excessive fees, and overcharging for services allegedly performed by Defendant; and

    d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by charging Ms. White excessive

fees for the alleged Debt, and overcharging for services allegedly performed by Defendant.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

Respectfully submitted.

Dated: June 28, 2017

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com